## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

|  |  |
|---|---|
| CARL F. CHRISTOPHER and NATURAL BUILDERS & QUALITY DEVELOPERS, LLC,<br><br>            Petitioners,<br>    v.<br><br>DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE,<br><br>            Respondent. | Civil Action No. 2010-0058 |

**Attorneys:**
**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
    *For the Petitioners*

**Tamika M. Archer, Esq.,**
St. Thomas, U.S.V.I.
    *For the Respondent*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Respondent, Director of Virgin Islands Bureau of Internal Revenue's ("VIBIR") "Motion to Dismiss Petitioners' Petition for Redetermination of Income Taxes." (Dkt. No. 7). For the reasons that follow, the Court will deny the Motion without prejudice as to Petitioner Christopher, and afford him an additional month to perfect service. The Court will grant the Motion as to Petitioner Natural Builders & Quality Developers, L.L.C. ("Natural Builders"), and dismiss Natural Builders from the suit.

### I.  BACKGROUND

Petitioner Christopher received a Notice of Deficiency from the VIBIR in April 2010. (Dkt. No. 1). On July 9, 2010, Petitioners filed the instant Petition, *pro se*. Petitioner

Christopher states, by affidavit, that he was told by the Deputy Clerk of Court upon filing that he did not have to serve Respondent and that the Court would do so.  (Dkt. No. 12, Ex. 1). Petitioners retained counsel by July 16, 2010.  (Dkt. No. 2).   The docket for this case does not indicate that a summons was issued, or that Respondent was served with the Petition.

In February 2011, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute.  (Dkt. No. 3).  In response to the Order, Petitioners indicated, through counsel, that a copy of the Petition and an explanatory letter had been sent to the Chief of the VIBIR Delinquent Accounts Branch, and to counsel for the VIBIR in November 2010. (Dkt. Nos. 3, 5).  The Court declined to dismiss the suit.  (Dkt. No. 6).

Respondent filed the instant Motion to Dismiss on September 8, 2011, arguing that proper service was never effected, and thus dismissal is appropriate. (Dkt. No. 7).  Petitioners responded, claiming that good cause exists for the failure to effect service, and that denial of the motion to dismiss is in the interests of justice. (Dkt. No. 12).   Respondent also argues that Natural Builders and Quality Developers LLC ("Natural Builders") is a non-taxable partnership lacking standing to sue, and that the Court lacks jurisdiction over Natural Builders' claims because the notice of deficiency was not addressed to Natural Builders, but rather to Petitioner Christopher.  (Dkt. No. 8 at 7).  Petitioners respond that Natural Builders is not a partnership, and concedes that, while the deficiency was addressed solely to Petitioner Christopher, Natural Builders "is an integral part of the tax liability." (Dkt. No. 12 at 4).

While the Court finds that service was not proper, and that Petitioner Christopher has failed to show good cause for the failure to serve Respondent, the Court will exercise its discretion to afford Petitioner an additional month in which to effect proper service. Respondent's Motion to Dismiss will accordingly be denied without prejudice as to Petitioner

Christopher. The Court also finds that it lacks subject matter jurisdiction over the claim asserted by Petitioner Natural Builders, and thus will grant Respondent's Motion to Dismiss Petitioner Natural Builders from this lawsuit.

## II. DISCUSSION

### A. Applicable Legal Principles

Receipt of a tax deficiency notice "is a jurisdictional prerequisite" to filing suit for redetermination of any deficiency owed. *Robinson v. United States*, 920 F.2d 1157, 1158 (3d Cir. 1990) (internal citations omitted); *see also WIT Equip. Co., Inc. v. Dir., Virgin Islands Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 510 (D.V.I. 2001). Absent such notice, a court lacks jurisdiction over a subsequent redetermination action and dismissal is appropriate. *Delman v. C.I.R.*, 384 F.2d 929, 934 (3d Cir. 1967) ("unless a notice of deficiency is mailed to the taxpayer the Court may not acquire jurisdiction over the cause."); *WIT Equip. Co., Inc.*, 185 F. Supp. 2d at 510. The notice must identify the taxpayer, the taxable year involved and the amount of deficiency assessed. *Houseal v. C.I.R.*, 435 F. App'x 567, 568 (8th Cir. 2011) (citing *Sather v. Comm'r,* 251 F.3d 1168, 1176–77 (8th Cir. 2001)). Such notice constitutes a prospective litigant's "ticket to the [Court]." *Robinson*, 920 F.2d at 1158 (quoting *Delman*, 384 F.2d at 934).

Under Federal Rule of Civil Procedure 12(b)(4), a respondent may seek dismissal of an action on the basis of insufficient process. Fed. R. Civ. P. 12; *Giles v. Campbell*, 698 F.3d 153, 158 (3d Cir. 2012) (federal court is without jurisdiction over a defendant unless the defendant has been served with sufficient process). The specific requirements for proper process are provided in Rule 4. Fed. R. Civ. P. 4. Sufficient process requires that a summons must be served on the defendant with a copy of the complaint. "The issuance of a summons signed by the Clerk, with the seal of the Court, and the time designated within which defendant is required

to appear and attend, are essential elements of [process, and thus] the court's personal jurisdiction over the defendant. 'A summons is process because its service subjects the person served to the court's jurisdiction, which is necessary to validate a judgment that the court might render.'" *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996) (quoting Fed. R. Civ. P. 4; 28 U.S.C.A. Practice Commentary C4–4 (1992 & Supp.1996)); *see also Mathies v. Silver*, 266 F. App'x 138, 140 (3d Cir. 2008) ("the failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over a defendant in a civil case is fatal to the plaintiff's case.").

Rule 12(b)(5) provides that an action may be subject to dismissal, either on a motion or *sua sponte*, where a petitioner or claimant fails to properly *serve* a respondent or defendant with process. Fed. R. Civ. P. 12. *See Foster v. Pennsylvania Human Relations Comm'n.*, 157 F. App'x 488, 490 (3d Cir. 2005). The "plaintiff is responsible for having the summons and complaint served," so that the defendant can be apprised of the suit filed against it. Fed. R. Civ. P. 4(c)(1); *Aruanno v. Corzine*, 413 F. App'x 494, 497 (3d Cir. 2011). Rule 4 is liberally construed to uphold service. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (3d ed. 2008).

Where the defendant is a state or local government, or a state-created governmental organization like the VIBIR, service of process is accomplished by delivering—within 120 days of filing of the complaint—"a copy of the summons and of the complaint to [the governmental organization's] chief executive officer" or an alternative recipient if authorized by state or local law. Fed. R. Civ. P. 4.[1] Accordingly, when the Government of the Virgin Islands or an agency

---

[1] Virgin Islands Superior Court Rule 27(b) mirrors the federal requirements, providing that: "[t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure, provided, however . . . that all references to "United States or any

4

of the Government of the Virgin Islands is a named defendant, the Governor—as chief executive officer—must be served. *See U.S. Dep't of Agric. Rural Hous. Serv. v. Penn*, 2009 WL 972882, at *2 (D.V.I. Apr. 9, 2009) (service on the Virgin Islands Housing Authority was improper under Rule 4(j) because there was no proof of service on Governor).[2] Further, Local Rule of Civil Procedure 71A.1 specifies that the VIBIR Director must be the named respondent for petitions to redetermine deficiency in income tax. LRCi 71A.1(a). Proper service in this deficiency redetermination case thus requires service on the Governor and the VIBIR Director. *See, e.g,. Jarvis,* 2009 WL 367727, at *4 (in class action against Virgin Islands Bureau of Internal Revenue and Government of the Virgin Islands, service under Rule 4(j) was required, and plaintiff complied with Rule 4(j) by serving Governor and the VIBIR Director).

Federal Rule of Civil Procedure 4(m) states that dismissal without prejudice is appropriate if a defendant is not served within the required timeframe, but "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4. Therefore, "[i]f good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

---

officer or agency of the United States" shall be read instead as "Virgin Islands or any officer or agency of the Virgin Islands."

[2] Cases from other jurisdictions are in accord. *See Uranga v. Adams*, 2011 WL 147909, at *4 (D. Nev. Jan. 14, 2011) ("A state-created governmental organization must be served by service on the chief executive officer (the governor) or by the manner prescribed by state law for serving such a defendant."); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 632 (N.D. Tex. 2007) ("Under [Fed. R. Civ. P. 4(j)(2)], service of process for the State of Texas could be effected by serving the Chief Executive Officer of the State, Governor Rick Perry . . . or by serving process in compliance with the Texas rules of procedure.").

The primary focus of a good cause analysis in the service of process context is the petitioner's reasons for not complying with the time limit in the first instance. *See George v. Warden*, 523 F. App'x 904, 908, n.8 (3d Cir. 2013) (citing *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)); *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115 (3d Cir. 2009). Courts consider three factors in determining good cause: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecommunications*, 71 F.3d at 1097 (citing *United States v. Nuttall,* 122 F.R.D. 163, 166–67 (D.Del.1988)). Lack of prejudice to a respondent is not enough, by itself, to establish the basis for a finding of good cause to extend the time for service of process. *Id.*

Absent a showing of good cause, the Court may still give a plaintiff an opportunity to cure a deficiency in service. *Petrucelli*, 46 F.3d at 1305.  In exercising this discretion, the Court looks to the same factors as above, and additionally inquires whether the statute of limitations will bar the plaintiff's claims if the action is dismissed. *Thomas v. Bonanno*, Civ. No. 2013-06, 2013 WL 3958772 (D.V.I. July 30, 2013) (quoting *Mathies v. Silver,* 450 F. App'x 219, 222 (3d Cir. 2011)).  Before dismissing the action, the Court also must look to whether "any other factors warrant extending time even though good cause was not shown." *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004); *see also Cain v. Abraxas*, 209 F. App'x 94, 96-97 (3d Cir. 2006).

The Federal Rules of Civil Procedure Advisory Committee Notes also provide some "guidance as to what factors the district court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause." *Petrucelli*, 46 F.3d at 1305-6*.*  Such factors may include—but are not limited to—whether a plaintiff filed *pro se*; whether defendants evaded service; and whether the statute of limitations had tolled in the

6

interim thus barring a claim. *Veal*, 84 F. App'x at 256; *Petrucelli*, 46 F.3d at 1306. The Court may thus extend the period for service for an "appropriate period" if it elects to exercise its discretion to excuse a failure to comply with the federal service requirements. *Thomas*, 2013 WL 3958772 at *4-5.

### B. Natural Builders

Respondent asserts that Petitioner Natural Builders lacks standing as it is a non-taxable partnership, and that the Court lacks jurisdiction over a redetermination petition filed by Natural Builders. Finding that it lacks jurisdiction, the Court will grant Respondent's Motion to Dismiss Natural Builders from the lawsuit.

A deficiency notice identifying the tax payer owing on the deficiency "is a jurisdictional prerequisite" to filing suit for redetermination. *Robinson*, 920 F.2d at 1158. The Court lacks jurisdiction over a petitioner's action if the prerequisite is not satisfied. *Delman*, 384 F.2d at 934.

Here, Petitioner Christopher is the sole taxpayer to whom the deficiency notice is addressed, and thus is the only person with a claim to seek redetermination of the deficiency over which the Court has jurisdiction. The Court thus finds that he is the only party with a "ticket to the [Court] to litigate the merits of the deficiency determination." *Robinson*, 920 F.2d at 1158 (internal quotation omitted).[3] Accordingly, the Court will grant Respondent's Motion to Dismiss Petitioner Natural Builders from this suit.[4]

---

[3] Whether Natural Builders is an "integral part" of Petitioner Christopher's personal liability, as Petitioner Christopher asserts, and whether he intends to satisfy a deficiency, if any, with proceeds from his business interest in Natural Builders is of no moment.

[4] In view of the Court's ruling, it need not reach the issue of Natural Builders' status as a partnership, or whether it has standing to bring suit.

### C. Sufficiency of Process

Sufficient process constitutes a summons signed by the Clerk of Court, with the Court seal and the timeframe for a response, that is served with a copy of a petitioner's complaint. *See Ayres*, 99 F.3d at 568. If process is insufficient, the Court lacks jurisdiction over a defendant and a suit may thus be subject to dismissal. *Giles*, 698 F.3d at 158.

Here, it is undisputed that a summons was not issued and that neither Respondent nor the Governor received a summons. Accordingly, the plain requirements of Rule 4 have not been satisfied. Petitioners' assertion that the letter and attached petition sent to VIBIR counsel and the VIBIR Delinquent Accounts Branch constitute sufficient process is without merit because the letter and attached petition did not include a summons as required by the Rule. The Court thus finds the process in this case to be insufficient.

### D. Sufficiency of Service

Federal Rule of Civil Procedure 4(m) requires that service of process be accomplished within 120 days of filing a complaint. Fed. R. Civ. P. 4. Here, Petitioners did not effect proper service within the time frame set forth in Rule 4.

In its Motion, the VIBIR argues that Federal Rule of Civil Procedure 4(j) requires service on the Governor of the Virgin Islands. (Dkt. No. 8). It asserts that because the Governor was not served, Petitioners' claims must be dismissed. Petitioner Christopher does not directly address Respondent's argument, but concedes that he "made no other effort to serve Respondent, other than to serve the Chief Counsel for IRB," and asserts that Respondents have suffered no prejudice. (Dkt. No. 12).

Petitioners bear the burden of showing that the Governor was properly served, as required by Rule 4(j). Here, Petitioners have not demonstrated that they effected proper service on

Respondent *or* the Governor, including any agent or alternative recipient authorized to accept service of process for the Governor. Because neither the Respondent agency nor the Governor was served within the requisite 120 days, the Court finds that service was insufficient under the Federal Rules of Civil Procedure.

### E.  Good Cause

The Court looks to three factors to determine whether good cause exists for the deficiency in service: whether Petitioners sought an extension within which to properly effect service; Petitioners' efforts to effect service; and any prejudice to Respondent from lack of timely service.  *See MCI Telecommunications*, 71 F.3d at 1097.

Here, it is undisputed that Petitioners have not sought an extension from the Court within which to effect service of process.  Thus, the first factor does not weigh in favor of Petitioners.

With regard to Petitioner Christopher's efforts to effect service, he asserts that he was told that the Court would serve Respondent.  (Dkt. No. 12, Ex. 1).   He also asserts that the letter he attached to his Reply to the Court's Order to Show Cause constitutes proper service of process.  *Id.*   Neither argument aids the Petitioners.

The Court does not assume a litigant's responsibility to effect proper service.  Further, as discussed above, Petitioner's letter to VIBIR counsel and the VIBIR Delinquent Accounts Branch does not constitute proper service.  (Dkt. No. 12, Ex. 2).  Accordingly, the Court finds that Petitioner's efforts to effect proper service were woefully lacking.

The remaining factor the Court considers in assessing good cause is the prejudice, if any, to Respondent given the insufficiency of service.  Respondent claims that there has "been no opportunity to investigate Petitioners' claims during an earlier period of time [therefore] prejudice has clearly resulted."  (Dkt. No. 13 at 6).  Respondent does not explain the prejudice

9

that allegedly "has clearly resulted." *Id.* Absent a clear statement of why and how the delay has adversely affected Respondent's ability to investigate Petitioners' claim, the Court does not find prejudice to Respondent. *See Gonzalez v. Thomas Built Buses, Inc.,* 268 F.R.D. 521, 528 (M.D. Pa. 2010) (no prejudice to defendants where delay—without more—was the sole prejudice alleged).

As noted above, absence of prejudice to the Respondent is not dispositive of the issue of good cause. *Veal*, 84 F. App'x at 255; *MCI Telecommunications*, 71 F.3d at 1097. Notwithstanding the absence of any showing of prejudice to the Respondent here, the Court finds—upon consideration of the other factors—that Petitioners have not shown good cause for their failure to effect proper service. Accordingly, the Court will not afford Petitioner Christopher additional time to effect service on that basis.

### F. The Court's Discretion

Even in the absence of good cause, a court may, in its discretion, still extend time for service if it determines that such relief is justified. *Veal*, 84 F. App'x at 256; *Petrucelli*, 46 F.3d at 1305-06. Relief may be granted if, for example, the applicable statute of limitations would bar a refiled action or if a claimant proceeded *pro se,* although these are not the exclusive factors. *See Veal*, 84 F. App'x at 256. Here, Petitioner asserts that the limitations period within which to file the claim was 90 days after the notice of delinquency. (Dkt. No. 12 at 4; *see also* 26 U.S.C.A. § 6213 (West)). Accordingly, Petitioner Christopher, who initially proceeded *pro se*, may be time-barred from refiling were the Court to dismiss the Petition.

Upon consideration of the circumstances here, the Court finds that a brief extension of time in which to perfect service of process is appropriate. The Court will accordingly exercise its discretion to afford Petitioner Christopher additional time to effect service of process.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss will be denied without prejudice as to Petitioner Christopher, and granted as to Natural Builders. Petitioner Christopher will be afforded 30 days from the date of the Court's Order to effect proper service of process. An appropriate Order accompanies this Opinion.

Date: July 29, 2014 _____/s/_____
WILMA A. LEWIS
Chief Judge